FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 16, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHY ESPINDA,<br><br>                              Plaintiff,<br><br>     v.<br><br>NICHOLAS K. WASSON,<br><br>                              Defendant. | No.  4:23-cv-05032-MKD<br><br>ORDER DISMISSING CASE<br>WITHOUT PREJUDICE<br><br>**ECF No. 1** |

On March 14, 2023, Plaintiff filed a *pro se* complaint.  ECF No. 1.  Plaintiff filed a notice of unexecuted summons on May 8, 2023.  ECF No. 4.  Plaintiff then filed a Motion for Default Judgment, ECF No. 5, which this Court denied, ECF No. 6.  On July 12, 2023, the Court granted Plaintiff's Motion for Extension of Time for Service.  ECF No. 8.  On October 10, 2023, Plaintiff filed documents that indicate Timothy Repass was served.  ECF No. 10.  Samuel Meyler has entered a Notice of Appearance in this case, indicating he is appearing on behalf of himself and not on behalf of Defendant.  ECF No. 9.  Plaintiff has a separate cause of

ORDER DISMISSING CASE WITHOUT PREJUDICE - 1

1    action in this Court in which Mr. Meyler is the defendant.  *Espinda v. Meyler*, No.

2    4:23-cv-5085-MKD (E.D. Wash. June 8, 2023).

3          Plaintiff was cautioned on June 1, 2023 that this case would be dismissed

4    without prejudice for failure to timely effectuate service if she did not show cause

5    within 30 days as to why the case should not be dismissed.  ECF No. 6.  Plaintiff

6    requested an extension of time for service, and she was given 90 days from July

7    12, 2023, to complete service.  ECF No. 8.  On October 10, 2023, Plaintiff filed a

8    declaration of service that indicates "Summons in a Civil Action, Joint Status

9    Report-5" were served upon Defendant "at the residence and usual place of abode

10   of said person(s)," and a copy was left with Timothy Repass.  ECF No. 10 at 2.

11   However, the declaration also states the documents were served at 801 Kirkland

12   Ave. Suite 100 in Kirkland, Washington.  *Id.*  The listed address is the address of

13   Timothy Repass.  *Id.* at 3.  There is an email from Mr. Repass that indicates

14   Plaintiff attempted to serve Mr. Repass.  *Id.*  There is no indication Defendant was

15   served.  Plaintiff appears to concede she did not serve Defendant; she contends she

16   served Mr. Repass, who she contends "admitted" he represents Defendant, and she

17   thus asks the Court to "please provide law that shows Nicholas Wasson was not

18   served/notified." *Id.* at 4-5.

19         The Court cannot provide legal advice to *pro se* parties, except to

20   recommend they seek the advice of a trained attorney.  District judges have no

ORDER DISMISSING CASE WITHOUT PREJUDICE - 2

obligation to act as counsel or paralegal to *pro se* litigants because requiring judges

to explain the details of federal procedure or act as counsel would "undermine

district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225,

231 (2004); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1365-66 (9th Cir. 1986)

(noting that advising *pro se* litigants would make the court "a player in the

adversary process rather than remaining its referee"). Thus, the Court will not

provide advice to Plaintiff on service. Plaintiff may refer to this Court's prior

orders and the Federal Rules of Civil Procedure, and may seek the advice of an

attorney.

Pursuant to Federal Rule of Civil Procedure 4(m), the Court dismisses this

case without prejudice.

**IT IS ORDERED:**

1.    This action is **DISMISSED without prejudice**.

2.    The District Court Executive is directed to enter this Order, provide

copies to *pro se* Plaintiff, **ENTER JUDGMENT** and **CLOSE** the file.

DATED October 16, 2023.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING CASE WITHOUT PREJUDICE - 3